SANDERS, Justice
(dissenting).
Article 660 of the Louisiana Civil Code provides:
“It is a servitude due by the estate situated below to receive the waters which run naturally from the estate situated above, provided the industry of man has not been used to create that servitude.
“The proprietor below is not at liberty to raise any dam, or to make any other *16 work, to prevent this running of the water.
“The proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome.”
As in other civil cases, the burden is upon the plaintiff to prove the existence of the servitude by a preponderance of the evidence. Hence, plaintiff must establish that Kenmore Plantation is located “below” his own land so that waters “run naturally” from it upon the plantation.
After reviewing the evidence, the trial court found that the difference in elevation is so slight as to be “hardly discernible” and waters cannot “naturally drain” from plaintiff’s land upon Kenmore Plantation. I concur in this factual finding. Hence I conclude, as did the trial court, that no servitude of drain exists.
For the reasons assigned, I respectfully dissent.
SANDERS, J., dissents from refusal of a rehearing.